1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

D.C.,

          Plaintiff,

    v.

PIERCE COUNTY and EUGENE ALLEN, in his individual capacity,

          Defendant.

Case No. C10-5246RJB

ORDER ON AGREED PROTECTIVE ORDER REGARDING PHOTOGRAPHIC EVIDENCE AND COMPUTER INTELLIGENCE

      On September 21, 2010, the Court received a proposed Agreed Protective Order Regarding Photographic Evidence and Computer Intelligence. Dkt. 24.

      **Proposed Protective Order.** The parties request that the following be subject to the protective order: photographs obtained during the criminal investigation in Pierce County Sheriff's Dept. No. 083270145, as well as computer intelligence divulged and images viewed in accessing Gondor (a law enforcement website). Dkt. 24.

      **Legal Standard.** Fed. R. Civ. P. 26(c) provides as follows:

      **(c) Protective Orders.**

      **(1) In General.** A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

ORDER
Page - 1

    **(A)** forbidding the disclosure or discovery;
    **(B)** specifying terms, including time and place, for the disclosure or discovery;
    **(C)** prescribing a discovery method other than the one selected by the party seeking discovery;
    **(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
    **(E)** designating the persons who may be present while the discovery is conducted;
    **(F)** requiring that a deposition be sealed and opened only on court order;
    **(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
    **(H)** requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

**(2) Ordering Discovery.** If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

**(3) Awarding Expenses.** Rule 37(a)(5) applies to the award of expenses.

Parties have made a sufficient showing of good cause for the proposed protective order. The subject photographs are purported to be of Plaintiff's genitals and were allegedly posted on Gondor by Defendant Allen. Plaintiff should be protected from unnecessary embarrassment regarding these pictures. Moreover, parties have shown good cause for a protective order regarding the Plaintiff's inspection of Gondor. Parties anticipate that Plaintiffs will come across images or data that is not available for public viewing regarding law enforcement cases.

The proposed protective order provides that a party may move the Court for relief from the protective order for good cause shown. Dkt. 24, at 2. Any protective order issued by the Court must contain a provision that the Court may change the terms of the protective order either on motion of the parties or *sua sponte* after notice to the parties and an opportunity to be heard.

Parties are reminded that it is unnecessary for the Court to issue a protective order governing filing of documents with the Court. Counsel may pursue appropriate remedies with regard to sensitive information, including sealing under Western District of Washington Local Civil Rule 5(g); filing motions *in limine*; and employing motions or objections at trial. The parties should be aware that, once a case is concluded, the Court chooses not to retain jurisdiction over a collateral matter such as a protective order.

Although parties have shown good cause for the protective order, they failed to include a provision regarding the Court's ability to change the terms of the order *sua sponte* after notice to the parties and an opportunity to be heard. The proposed Agreed Protective Order Regarding Photographic

Evidence and Computer Intelligence (Dkt. 24) should be denied without prejudice.

Therefore, it is hereby:

**ORDERED** that the parties' Agreed Protective Order Regarding Photographic Evidence and Computer Intelligence (Dkt. 24) is **DENIED WITHOUT PREJUDICE.** The Agreed Protective Order Regarding Photographic Evidence and Computer Intelligence (Dkt. 24) will remain in the Court file, but will not be signed by the Court. The parties may submit an amended protective order that is consistent with the provisions of this Order. If both parties agree on the form, and the Court is satisfied, the Court will enter such amended order without a further motion.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 23rd day of September, 2010.

Robert J. Bryan
United States District Judge