1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

D.C., individually,

                    Plaintiff,

        v.

PIERCE COUNTY, and EUGENE ALLEN,
in his individual capacity,

                    Defendants.

Case No.  C10-5246RJB

ORDER ON DEFENDANTS'
MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH
FED. R. CIV. P. 10(a)

        This matter comes before the Court on Defendants' Motion to Dismiss for Failure to Comply with Fed. R. Civ. P. 10(a) (Dkt. 15) and Plaintiff's Motion for Leave to Amend Complaint (Dkt. 17).  The Court has reviewed the pleadings filed in favor of and in opposition to the motion and the remainder of the record herein.

## I.   FACTS AND PROCEDURAL HISTORY

        The facts and procedural history are contained in the May 20, 2010, Order on Defendants' Motion to Dismiss (Dkt. 10, at 1-3), and are adopted here by reference.  That Order granted Defendants motion to dismiss as to the claims asserted against Pierce County without prejudice, and as to Plaintiff's Fourth Amendment claim.  Dkt. 10.  The motion was denied in all other respects.  *Id.*

        Defendants now move for dismissal of the Complaint for failure to comply with Fed. R. Civ. P. 10 (a).  Defendants argue that:  1) Plaintiff's potential for embarrassment is not a reason to proceed

ORDER
Page - 1

anonymously, and 2) the public has a strong interest in knowing who is using the courts.  Dkt. 15. Plaintiff responds and argues that use of her name would cause her great embarrassment and her embarrassment outweighs the public's right to know her identity.  Dkt. 16. Defendants reply, and argue that properly naming parties is required under the rules, 2) open court proceedings are essential to the appearance of justice, and the public's interest in knowing who is using their courts outweigh's Plaintiff's embarrassment. Dkt.  20.

In addition to the motion to dismiss the complaint based on the use of a pseudonym, Plaintiff filed a motion for leave to amend her Complaint to add claims against Pierce County, Washington.  Dkt. 17. Defendants file a response and point out that the proposed Amended Complaint suffers from the same deficiency as the original Complaint - it fails to properly name Plaintiff.

This order will first address the Defendants' motion to dismiss and then Plaintiffs' motion for leave to amend.

## II.   DISCUSSION

### A.    MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 10

Fed. R. Civ. P. 10 (a) provides, in pertinent part, that, "[e]very pleading must have a caption" and "[t]he complaint must name all the parties."  "Plaintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings."  *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067 (9th Cir. 2000).

The Ninth Circuit allows parties "to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.*, at 1067-1068.   "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.*, at 1068 (*internal quotations and citation omitted*).  Applying this balancing test, courts in the Ninth Circuit have permitted plaintiffs to use pseudonyms in three situations:  (1) "when identification creates a risk of retaliatory physical or mental harm," (2) "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature," and (3) "when the anonymous party is compelled to admit his or her intention to engage

in illegal conduct, thereby risking criminal prosecution." *Id.*, 1068 (*internal quotations and citation omitted*).

### 1.   Need for Anonymity

Plaintiff's response states that her anonymity is in the case is important because of the key allegation - that Defendants violated her rights when Officer Allen took a photograph of Plaintiff's genitals and posted the picture on a law enforcement web site with the arrest report.  She argues that use of her name in this action would cause her great embarrassment.

Plaintiff has failed to show that her anonymity is "necessary to preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile Corp*., at 1068 (*citing Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y.1988) (allowing plaintiff to sue insurance company anonymously to protect against identification as a homosexual); and *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D.Mont.1974) (permitting plaintiff in abortion suit to use pseudonym)).  Although the Court can sympathize with Plaintiff, she decided to bring suit.  Certainly, the Federal Rules of Civil Procedure and the Western District of Washington Local Rules provide vehicles by which a party may be shielded from unnecessary embarrassment.  Parties have, in fact, attempted to take advantage of these provisions in the pleading entitled "Agreed Protective Order Regarding Photographic Evidence and Computer Intelligence" (Dkt. 24).  Much of what is litigated involves embarrassment for one party or another.  Plaintiff has not shown that the circumstances here are extraordinary enough to warrant her use of a pseudonym.

### 2.   Prejudice to Defendants and Public's Interest

Further, the public's interest in open judicial proceedings outweighs Plaintiff's embarrassment.  There is a strong presumption in the public's interest open judicial proceedings.  *E.E.O.C. v. Erection Co.*, 90 F.2d 168, 170 (9th Cir. 1990).  Plaintiff has failed to overcome that presumption.  There is no information in the record regarding prejudice to the Defendants.

### 3.   Conclusion

Plaintiff has failed to comply with Fed. R. Civ. P. 10 or show that the circumstances of her case are unusual enough to warrant the use of a pseudonym.  Her Complaint should be dismissed without prejudice and with leave to amend.

**B.      MOTION TO AMEND**

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Five factors are taken into account to assess the propriety of a motion for leave to amend:  bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.  Futility alone can justify the denial of a motion to amend."  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)(*internal quotations and citations omitted*).

Plaintiff should be granted leave to amend her Complaint, as long as she complies with Fed. R. Civ. P. 10 and does not use a pseudonym.  Defendants do not object to her proposed Amended Complaint except for her use of initials rather than her name.  Plaintiff's first amended complaint, if any, should be filed on or before October 1, 2010.

### III.    ORDER

Therefore, it is hereby, **ORDERED** that:

- •      Defendants' Motion to Dismiss for Failure to Comply with Fed. R. Civ. P. 10(a) (Dkt. 15) is **GRANTED**;
- •      Plaintiff's Complaint shall be DISMISSED WITHOUT PREJUDICE on or after October 4, 2010;
- •      Plaintiff's Motion for Leave to Amend Complaint (Dkt. 17) is **GRANTED** insofar as she complies with Fed. R. Civ. P. 10 and does not use a pseudonym; and
- •      Plaintiff's first amended complaint, if any, should be filed on or before **October 1, 2010.**

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 27th day of September, 2010.

Robert J. Bryan
United States District Judge