UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENICE COLLINS, individually,

Plaintiff,

v.

PIERCE COUNTY, and EUGENE ALLEN, in his individual capacity,

Defendants.

Case No. C10-5246RJB

ORDER ON PLAINTIFF'S MOTIONS TO COMPEL DEPOSITIONS and RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

This matter comes before the Court on Plaintiff's Motion to Compel Depositions (Dkt. 42), Motion to Compel Responses to Interrogatories and Requests for Production (Dkt. 44), and Defendants' Motions to Strike (Dkts. 53 and 74). The Court has reviewed the pleadings filed in favor of and in opposition to the motions and the remainder of the record herein.

## I. FACTS AND PROCEDURAL HISTORY

### A. FACTS

According to the Amended Complaint, on November 21, 2008, Plaintiff was arrested for drunk driving by Officer Eugene Allen. Dkt. 28, at 3. Plaintiff alleges that during the course of that arrest, she tried to get her handcuffs from behind her back to the front. *Id.* During this process, she "inadvertently exposed her genitals when the handcuffs reached around her pants." *Id.* She alleges that Officer Allen took a nude photograph of her with his cell phone camera. *Id.* Plaintiff alleges that Officer Allen then

uploaded the photograph to "Gondor," a law enforcement data base, and shared the picture with others. *Id.*

Plaintiff asserts that Defendants deprived her "of rights and privileges secured by the Constitution in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983." *Id.*, at 4. Plaintiff references the Substantive Due Process clause of the Fourteenth Amendment. *Id.* Plaintiff asserts Defendant Pierce County failed to "adequately train and supervise" Officer Allen. *Id.* Plaintiff also makes a claim for intentional infliction of emotional distress/outrage and a claim for "invasion of privacy - public disclosure of private facts." *Id.*, at 5. Plaintiff seeks damages, costs, and attorneys' fees. *Id.*, at 6.

Motions related to discovery were due by December 27, 2010, and the discovery cutoff date was January 18, 2011. Dkt. 14. Trial is set to begin on May 16, 2011. *Id.*

**B. PENDING MOTIONS**

On February 2, 2011, Plaintiff filed motions to compel depositions and responses to interrogatories and requests for production. Dkts. 42 and 44. Plaintiff seeks to depose: (a) Sheriff Paul Pastor; (b) Lt. Larry Lawrence; (c) Sgt. Paul Schneider; (d) Chief Eileen Bisson; (e) Glen Carpenter; and (f) Pierce County 30(b)(6) deponent. Dkts. 42 and 71. In her motion regarding interrogatories and requests for production, Plaintiff seeks:

> (1) Information regarding Deputy Eugene Allen's pager and cell phone numbers from January 1, 1998 through August 30, 2010, including the number(s), owner of the phone or pager, company carrier or provider, who paid the bill for each cell phone or pager during that time;
> (2) The cell phone, home phone, and pager bills for the following dates: (a) July 1, 1999-March 30, 2000; (b) April 1, 2002-July 31, 2002; (c) November 1, 2008-January 31, 2009;
> (3) A bit identical disk image cloned to a hard drive or access to the original hard drive for Deputy Eugene Allen's Pierce County owned laptop and personal computers owned by Deputy Allen;
> (4) Emails to and from Defendant Deputy Eugene Allen from November 19, 2008 to May 19, 2009;
> (5) Emails from November 1, 2008 through June 27, 2009 for the following individuals: (a) Robert Shaw, (b) Michael Cooke, (c) Ryan Salmon.

Dkts. 44 and 71.

Defendants oppose both motions. Dkt. 53. Defendants further move for an order striking and retracting Dkt. 45-1, Ex. 15-17, p. 75-89 and Dkt. 44, p. 4:15-21, p.5:1-19, and p.6: 1-12. Dkt. 53. Defendants argue that these pleadings are subject to the protective order. *Id.*, (*citing* Dkt. 41). Defendants argue that Plaintiff should have sought leave of Court to file them under seal. *Id.* Defendants

also move to strike portions of Plaintiff's reply. Dkt. 74.

## II. DISCUSSION

### A. GENERAL DISCOVERY STANDARD

Fed. R. Civ. P. 26 (b) (1) provides,

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevant information for purposes of discovery is information "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods*., 406 F.3d 625, 635 (9th Cir. 2005). District courts have broad discretion in determining relevancy for discovery purposes. *Id*. (*citing Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

If a requested disclosure is not made, the requesting party may move for an order compelling such disclosure, and such a motion must include a certification that the movant has made good faith efforts to obtain the requested disclosure or discovery without court action. Fed. R. Civ. P. 37(a)(1). The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting objections. *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc*., 175 F.R.D. 646, 650 (C.D. Cal. 1997).

It appears that the parties have made an effort to resolve these disputes without Court action. The Court should consider the motions.

### B. TIMELINESS

Defendants object to both motions, arguing that the motions are untimely. Dkt. 53. Under the case scheduling order, motions related to discovery were to be filed on or before December 27, 2010, and the discovery cutoff was on January 18, 2011. Dkt. 14. Plaintiff's motions to compel were filed on February 2, 2011.

Pursuant to Fed. R. Civ. P. 16 (b)(4), the Court may modify the case scheduling order for good cause. Although Defendants' argument is not to be taken lightly, Plaintiff has shown sufficient good cause to alter the case schedule and allow the pending motions. Plaintiff has made a reasonable showing

that she did not know that she would need to make such a motion until after the deadline had expired. Accordingly, each motion shall be considered below.

**C. PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS**

Defendants object to the motion to compel the depositions, arguing that the notices of deposition were not sent out with enough time to prepare and that some of the depositions were noted for a federal holiday. Dkt. 53.

On January 11, 2011, Plaintiff propounded the notices for the contested depositions. Dkt. 43-1, at 14- 36. The depositions were scheduled for January 17 and 18. *Id.* The discovery cut off was set for January 18, 2011. Dkt. 14. Plaintiff moves the Court for an order compelling the depositions within 14 days.

Defendants objection regarding timing is again well taken. However, in the interest of fully and fairly considering this case on the merits, the Court should order that the depositions be allowed. Plaintiff has made a sufficient showing that these depositions may lead to relevant evidence. Plaintiff's motion for an order compelling the deposition of: (a) Sheriff Paul Pastor; (b) Lt. Larry Lawrence; (c) Sgt. Paul Schneider; (d) Chief Eileen Bisson; (e) Glen Carpenter; and (f) a Pierce County 30(b)(6) deponent (Dkt. 42) should be granted. In an effort to accommodate the parties' various schedules, the depositions should be completed within 21 days of the date of this order.

**D. PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Plaintiff's Motion to Compel Responses to Interrogatories and Requests for Production (Dkt. 44) should be granted, in part, and denied, in part.

Plaintiff's first two requests regarding Officer Allen's pager, cell phone and home phone should be granted. These requests generally appear to be seeking nonprivileged relevant information. However, to the extent that some of the discovery sought has now been provided by Defendants (Dkt. 53, at 2 and 11), the motion should be denied.

The motion should be denied as to requests three through five. Plaintiff's request for "a bit identical disk image cloned to a hard drive or access to the original hard drive" for Officer Allen's Pierce County owned laptop and his personal computers should be denied as overbroad. Defendants point out that they tried unsuccessfully to get Plaintiff to narrow her request regarding these computers, and she

declined to do so. Plaintiff's request for all emails to and from Officer Allen from November 19, 2008 to May 19, 2009 should also be denied as overbroad. Plaintiff's request for emails from November 1, 2008 through June 27, 2009 for the following individuals: (a) Robert Shaw, (b) Michael Cooke, (c) Ryan Salmon, should be denied as overbroad. To the extent that parties can agree to narrow Plaintiff's requests regarding the computers and emails, they should do so, but the motion to compel should be denied.

**E. DEFENDANTS' MOTION TO STRIKE AND REDACT**

Defendants move for an order striking and redacting Dkt. 45-1, Ex. 15-17, p. 75-89 and Dkt. 44, p. 4:15-21, p.5:1-19, and p.6: 1-12. Dkt. 53. The first (Dkt. 45-1, Ex. 15-17, p. 75-89) is a portion of Officer Allen's personnel record, and the second is portions of Plaintiff's motion quoting the personnel record (Dkt. 44, p. 4:15-21, p.5:1-19, and p.6: 1-12). On January 13, 2011, the parties stipulated to a protective order regarding Officer Allen's personnel file. Dkt. 41. The protective order does not contain a provision requiring that the materials referenced therein be filed under seal. The Court is unable to enforce an oral agreement between the parties to file these materials under seal. Defendants' motion to strike should be denied.

Defendants also file a surreply and move to strike portions of Plaintiff's reply (Dkt. 71), arguing that these portions of the reply are incomplete statements or not supported by the record. Dkt. 74. Defendants' motion to strike portions of Plaintiff's reply should be denied as moot. The Court did not consider Plaintiff's assertions in deciding the motions to compel.

**F. CONCLUSION**

Parties have already been warned that they are to cooperate civilly in order to bring this case to completion. Dkt. 37 - Order Granting Defendants' Motion to Compel. Parties are again encouraged to work together on scheduling and discovery matters such as these.

**III. <u>ORDER</u>**

Therefore, it is hereby, **ORDERED** that:

- Plaintiff's Motion to Compel Depositions (Dkt. 42) is **GRANTED**;
    - The depositions of the following shall be scheduled within the 21 days of the date of this order: (a) Sheriff Paul Pastor; (b) Lt. Larry Lawrence; (c) Sgt. Paul Schneider; (d) Chief Eileen Bisson; (e) Glen Carpenter; and (f) a Pierce County 30(b)(6) deponent.

- Plaintiff's Motion to Compel Responses to Interrogatories and Requests for Production (Dkt. 44)
- is **GRANTED** as to Plaintiff's first two requests regarding Officer Allen's pager, cell phone and home phone, except to the extent that Defendants have now provided the information; and
- is **DENIED** as to Plaintiff's request for "[a] bit identical disk image cloned to a hard drive or access to the original hard drive for Deputy Eugene Allen's Pierce County owned laptop and personal computers owned by Deputy Allen;" Plaintiff's request for all emails to and from Officer Allen from November 19, 2008 to May 19, 2009; and Plaintiff's request for emails from November 1, 2008 through June 27, 2009 for the following individuals: (a) Robert Shaw, (b) Michael Cooke, (c) Ryan Salmon to the extent that emails are sought prior to the date Plaintiff alleges the event occurred;

- Defendants' Motions to Strike (Dkt. 53 and 74) are **DENIED;**

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 24th day of February, 2011.

Robert J Bryan
United States District Judge